**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4639**

_____

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

TONY DEJUAN BYNUM, a/k/a Steven Alexander Garrett,

　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　W. Earl Britt, Senior District Judge.　(5:97-cr-00034-BR-1)

_____

Submitted:　January 18, 2011　　　　Decided:　January 26, 2011

_____

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.　George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony DeJuan Bynum appeals the sixty-month sentence of imprisonment imposed by the district court after finding that Bynum violated his term of supervised release prohibiting criminal conduct. Bynum pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Bynum argues that the sentence is plainly unreasonable because the district court procedurally erred by failing to consider and address all of the arguments that he made in mitigation of his sentence.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a sentence is plainly unreasonable, we first consider whether the sentence imposed is unreasonable. Id. at 438. In making this determination, we follow "the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. In this inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review of Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th

2

Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum provided by § 3583(e)(3). Moulden, 478 F.3d at 656-57 (4th Cir. 2007); Crudup, 461 F.3d at 439. Moreover, while a district court must provide a statement of the reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We review a procedural sentencing objection raised for the first time on appeal for plain error. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." Id. at 578. A party may do this through either its

3

written papers or its in-court arguments prior to the district court's imposition of the sentence.  Id. at 583-84.

Here, Bynum raised several arguments in the district court, but did not request a specific sentence.  Instead, Bynum asked the court to consider his accomplishments while in prison, and the difficulties he faced upon release "in fashioning a sentence that's sufficient but not greater than necessary to achieve the purposes of sentencing on the supervised release violation."  We find this statement insufficient to alert the district court of its responsibility to render an individualized explanation addressing Bynum's arguments, and thus review his claim for plain error.

To establish plain error, Bynum must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even if Bynum makes this three-part showing, we will reverse only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Lynn, 592 F.3d at 577. (internal quotation marks omitted).

Our review of the record leads us to conclude that Bynum has not established plain error.  Given the deferential appellate posture we take regarding the district court's exercise of discretion when imposing a revocation sentence, we

4

conclude that the district court's finding that Bynum offered no arguments in mitigation of his sentence other than his remorse was not plain error. Moreover, even assuming plain error, Bynum has not shown that a more thorough explanation by the district court specifically addressing his arguments would have affected his sentence in light of its finding that the sixty-month sentence was justified because Bynum received a substantial reduction in his original sentence and his continued efforts in distributing drugs posed a threat to society.

Accordingly, we affirm Bynum's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>